**Rickey Glen HARROD, Appellant**

v.

**The STATE of Texas, Appellee.**

No. 05–05–00531–CR.

Court of Appeals of Texas, Dallas.

Oct. 19, 2006.

Sharon E. Ramage, Frisco, for Appellant.

John R. Roach, Collin County District Atty., for State.

Before Chief Justice THOMAS and Justices WRIGHT and LAGARDE.[1]

## OPINION

Opinion by Justice LAGARDE.

Rickey Glen Harrod appeals his conviction for the murder of his brother, Arthur Don Harrod (Don). After finding appellant guilty of murder, the jury assessed appellant's punishment at twelve years' confinement in the penitentiary.

Appellant brings two issues complaining of the trial court's charge. In the first issue, appellant asserts the charge, allowing a general verdict of murder, failed to require unanimity on the specific element of self-defense the jury rejected and, thereby, denied him his right to a unanimous jury verdict. In appellant's second issue, he contends the trial court committed harmful error by including in the charge an instruction on "provoking the difficulty" when the evidence was not sufficient to support its submission. Resolving each of appellant's issues against him, we affirm the judgment.

### Background

Because appellant does not complain about the sufficiency of the evidence to support the guilty verdict, we briefly set out the facts.

Don and appellant were brothers. They lived with their mother, Lamona Harrod, in her house. Don's wife, Janet, and a renter also lived in the house. The brothers had a history of fighting before this incident. Don was known to carry a knife, with which he had previously threatened appellant.

One evening in the summer of 2003, after returning home in separate vehicles, Don and Janet argued with each other. Upset at Don's disrespect for his mother's home, appellant followed them inside to their bedroom, smashing an overhead light with his fist on the way. When Don stated the matter should be taken outside, appellant left first. On his way out, he broke the front door.

Appellant tried to get a gun from a truck occupied by two women. When he was unsuccessful, he grabbed a baseball bat from his truck and returned to the porch where Don was standing with a knife. Appellant swung the bat and struck Don on the arm, knocking off his wrist

---

1. The Honorable Sue Lagarde, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

watch. Appellant then swung around and struck again, slamming the bat against the side of Don's head. In appellant's own words, when he hit Don, he "gave it all he got;" it was a "flat, solid hit;" a "20" on a scale from one to ten; and he "hit him too hard." Don fell to the ground. Appellant took the bat, walked away, and got in the truck with the two women. They drove to Denison where the women lived. On the way, appellant threw the bat into a ditch, stopped and ate, and bought a telephone card. Appellant called his sister. She advised him to return to McKinney. Appellant did return, was interviewed by the police, and ultimately was arrested.

Although paramedics attended to Don and Care Flite transported him to Dallas Methodist Hospital, Don never regained consciousness. After spending almost a week on life support, Don died as a result of blunt force trauma to his head.

The trial court's charge contained both abstract and application instructions on the law of murder, self-defense, and provoking the difficulty. The charge also contained a general instruction requiring unanimity of the jury's verdict. A general verdict form allowed two findings: guilty or not guilty. There were no objections to the court's charge. During its deliberations, the jury did not send out any notes, and upon the return of its guilty verdict, the jury was not polled.

### Unanimity Negating Self–Defense

■ In his first issue, appellant complains the trial court's charge did not require the jury to be unanimous in its rejection of a single element of self-defense.[2] Appellant argues self-defense has separate

and distinct elements, all of which must be present to prevail on self-defense; but, to carry its burden to defeat self-defense, the State need only negate one element.[3] However, under the court's charge, it is impossible to determine if the jury unanimously rejected a single element of self-defense. According to appellant, the only contested issue in this case was self-defense, and the lack of a charge requiring unanimity "lessen[ed] the State's burden of proof" and undermined the core of his defense.

### Applicable Law

■ It is well settled under both state constitutional and statutory law that a defendant is entitled to a unanimous verdict in a criminal jury trial. TEX. CONST. art. V § 13; TEX.CODE CRIM. PROC. ANN. arts. 36.29(a), 37.02–.03, 45.034–.036 (Vernon 2006 & Supp.2006); *Jefferson v. State,* 189 S.W.3d 305, 311 (Tex.Crim.App.2006); *Ngo v. State,* 175 S.W.3d 738, 745 (Tex.Crim. App.2005); *Francis v. State,* 36 S.W.3d 121, 126 (Tex.Crim.App.2000) (Womack, J., concurring). The rationale behind this rule is that the jury must unanimously agree on each "element" of the crime in order to convict, but need not agree on all the "underlying brute facts [that] make up a particular element." *Ngo,* 175 S.W.3d at 747 (citing *Richardson v. United States,* 526 U.S. 813, 817, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999)). The crucial distinction is thus between a fact that is a specific *actus reus* element of the crime and one that is "but the means" to the commission of a specific *actus reus* element. *Id.* at 747 (citing *Richardson,* 526 U.S. at 817, 119 S.Ct. 1707); *see also United States v.*

---

**2.** We have found no case that has extended the law of unanimity to the negation of at least one element of self-defense. *Cf. Sanchez v. State,* 23 S.W.3d 30 (Tex.Crim.App.2000)

(requiring unanimity to sustain a defense, but not to reject it).

**3.** Appellant contends those elements are not "underlying brute facts of a single element."

*Reeder*, 170 F.3d 93, 105 (1st Cir.1999) ("While a jury must agree on all elements of an offense, it need not agree on the means by which all elements were accomplished.").

Here, in what is purported to be a case of first impression, appellant asks us to extend the principles of *Francis* and *Ngo* to the State's burden to negate at least one "element" of self-defense.[4] Appellant contends the process whereby a jury reaches its decision to reject self-defense is analogous to the process whereby the jury determines which criminal act a defendant committed with regard to the elements of a particular offense.

The State responds that *Ngo*,[5] *Francis*, and *Hisey*[6] do not inform the decision in this case; appellant seeks an unreasonable and unsupportable extension of the law without having shown why the law of general verdicts should not prevail; and the requirements of Texas constitutional and statutory law are satisfied. The State argues the jury must only unanimously agree that self-defense does not apply—it is not required to agree unanimously on which element of self-defense the jury rejects. The State also contends appellant received the instruction on self-defense gratuitously so he should not be heard to complain about its content; the trial court's charge adequately instructed the jury their verdict must be unanimous; and nothing undermines the presumption the jury followed the trial court's instruction. The State finally argues appellant did not suffer egregious harm, was not denied a fair trial, and nothing in the record reflects the jury did not reach a unanimous verdict.

The State argues its approach comports with the law on sudden passion. In *Sanchez v. State*, 23 S.W.3d 30 (Tex.Crim.App. 2000), the defendant was charged with murder. The jury rejected the defendant's claim of self-defense and found her guilty of murder. At the punishment stage, the defendant sought to prove she shot the decedent under the immediate influence of sudden passion arising from an adequate cause, which would reduce her offense from a first-degree felony to a second-degree felony and reduce the range of punishment. *Id.* at 31. The jury charge required unanimity to find in the defendant's favor on the issue of sudden passion, but not to reject it.[7] When the jury was asked if its verdict was unani-

---

**4.** The State's burden to negate self-defense, of course, is one of persuasion—not one of production as is the State's burden to prove the elements of an offense. *See Saxton v. State*, 804 S.W.2d 910, 913 (Tex.Crim.App.1991).

**5.** In *Ngo*, the defendant was charged in three separate paragraphs with three separate criminal acts. Specifically, Ngo was charged with stealing a credit card owned by another; receiving a credit card owned by another, knowing that it had been stolen, and acting with the intent to use it; and presenting a credit card with the intent to obtain a benefit fraudulently, knowing the use was without the effective consent of the cardholder. The charge contained three disjunctive application paragraphs that did not require the jury to be unanimous as to which of the three acts the defendant committed. The court of criminal

appeals held that the trial court's failure to instruct the jury that it must be unanimous on which specific criminal act the defendant committed violated the defendant's state constitutional and statutory right to a unanimous jury verdict, causing egregious harm to the defendant's right to a fair and impartial trial. *See Ngo*, 175 S.W.3d at 752.

**6.** *Hisey v. State*, 161 S.W.3d 502 (Tex.Crim. App.2005) (per curiam) (dismissing State's petition for discretionary review because issue presented had been decided adversely to the State in *Ngo* ).

**7.** The jury assessed appellant's punishment at imprisonment for twenty-five years, a punishment beyond the maximum allowed for a second-degree felony. *See Sanchez*, 23 S.W.3d at 31.

mous, the jurors answered it was not. Three jurors indicated they had wanted to find in the defendant's favor, but could not, because of the unanimity instruction. The court of criminal appeals affirmed this Court's conclusion that the trial court erred in its punishment charge. *Id.* at 34.

In *Sanchez,* the trial court's charge improperly put the burden of unanimity on the defendant. That is not so here. Unlike in *Sanchez,* reliability of the verdict is assured because the jury was unanimous in its decision to reject appellant's claim of self-defense.

### Application

 It is a defense under the Texas Penal Code that the conduct was justified. *See* TEX. PEN.CODE ANN. § 9.02 (Vernon 2003) ("It is a defense to prosecution that the conduct in question is justified under this chapter."). Section 9.31 provides for self-defense as a justification. *Id.* § 9.31. The State has the burden of persuasion in disproving self-defense. *Saxton,* 804 S.W.2d at 913. The State does not have a burden of production, i.e., one requiring it to affirmatively produce evidence refuting the self-defense claim; rather, it has a burden requiring it to prove its case beyond a reasonable doubt. *Id.* More importantly, self-defense is an issue of fact to be determined by the jury. *Id.* at 913–14. A jury verdict of guilty is an implicit finding rejecting the defendant's self-defense theory. *Id.* at 914.

 When an appellant raises an issue of sufficiency of the evidence to support a conviction on appeal, the appellate court looks not to whether the State presented evidence which refuted the appellant's self-defense testimony, but rather determines, after viewing all the evidence in the light most favorable to the prosecution, whether any rational trier of fact (1) would have found the essential elements of the offense beyond a reasonable doubt and (2) would have found against the appellant on the self-defense issue beyond a reasonable doubt. *Id.* at 914 (citing TEX. PEN.CODE ANN. § 2.03(d)); *see Jackson v. Virginia,* 443 U.S. 307, 321, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Appellant contends the process whereby a jury reaches its decision to reject self-defense is analogous to the process whereby the jury determines which criminal act a defendant committed with regard to the elements of a particular offense. We disagree.

As the court in *Ngo* stated, "The crucial distinction is thus between a fact that is a specific *actus reus* element of the crime and one that is 'but the means' to the commission of a specific actus reus element." *Ngo,* 175 S.W.3d at 747. Self-defense is not a specific *actus reus* element of the crime, or put another way, it is not which act appellant committed to kill the decedent. Rather, self-defense is "why" appellant says he committed the *actus reus* of the crime, i.e., killed his brother. As such, it is more analogous to the "manner and means" by which the specific *actus reus* element was committed and on which the jury is not required to unanimously agree. *See id.; Richardson,* 526 U.S. at 817, 119 S.Ct. 1707; *see also Reeder,* 170 F.3d at 105 (although jury must unanimously agree on all elements of offense, it need not agree on means by which all elements accomplished).

 Moreover, under *Saxton* the State's burden to negate self-defense is one of persuasion—not one of production of evidence—and the fact to be negated is self-defense, not each discrete component thereof. *See Saxton,* 804 S.W.2d at 913. A jury verdict of guilty is an implicit finding rejecting a defendant's self-defense theory. *Id.* at 914. Put another way, a

unanimous verdict of guilty is a unanimous rejection of self-defense.

■ We decline appellant's invitation to extend the unanimity principles of *Francis* and *Ngo* to self-defense. We hold the jury is not required to agree unanimously on the specific component of self-defense on which it is not persuaded. It must only unanimously agree on its rejection of the fact of self-defense. We resolve appellant's first issue against him.

### *Provoking the Difficulty*

■ Without objection, the trial court's charge included an instruction on "provoking the difficulty." In his second issue, appellant contends the trial court reversibly erred by giving such instruction because the evidence was insufficient to support its submission. Appellant argues he was harmed by the trial court's provocation instruction because it denied him "the right to present a defense unencumbered by an instruction unsupported by the evidence."

The State argues the evidence was sufficient to support submission of the provocation instruction. Further, the instruction simply corrected the imbalance in the charge created by the trial court's erroneous inclusion of the law of self-defense.

### *Applicable Law*

The doctrine of provocation is codified in section 9.31(b)(4) of the penal code and has its roots in the common law. *See* TEX. PEN.CODE ANN. § 9.31(b)(4) (Vernon 2003); *Smith v. State,* 965 S.W.2d 509, 513 (Tex. Crim.App.1998). Pursuant to section 9.31(b)(4):

(b) The use of force against another is not justified:

* * *

(4) if the actor provoked the other's use or attempted use of unlawful force, unless:

(A) the actor abandons the encounter, or clearly communicates to the other his intent to do so reasonably believing he cannot safely abandon the encounter; and

( B) the other nevertheless continues or attempts to use unlawful force against the actor;

TEX. PEN.CODE ANN. § 9.31(b)(4).

■ An instruction on provocation is required when there is sufficient evidence (1) the defendant did some act or used some words which provoked the attack on him, (2) such act or words were reasonably calculated to provoke the attack, and (3) the act was done or the words were used for the purpose and with the intent the defendant would have a pretext for inflicting harm upon the other. *Smith,* 965 S.W.2d at 513. All of the elements are questions of fact. *Id.*

■ The common law element of intent is still required under the current codification. *Id.* at 514. The defendant's intent is a question of fact to be determined from the totality of the circumstances. *Id.* at 513. The defendant's words and actions before, during, and after the provocation may be considered in determining his intent. An instruction on provocation should be given only when there is evidence from which a rational jury could find every element of provocation beyond a reasonable doubt. *Id.* at 514. If a jury finds the defendant provoked an attack and made an assault, then self-defense is lost as to the assault. *Id.* at 513.[8]

---

8. Appellant states in his brief "Although [a]ppellant's alleged conduct may be such that it would provoke a fight between the two men, there is absolutely no evidence that [a]ppel-

Upon appellate review, we ask whether there was sufficient evidence from which a rational jury could have found provocation beyond a reasonable doubt, viewing the evidence in the light most favorable to giving the instruction. *Id.* at 514.

### Application

Here, viewing the evidence in the light most favorable to giving the instruction, we conclude there was sufficient evidence from which the jury could find appellant's acts or words, or both, caused the attack upon him by Don. Appellant knew from past experience Don had a propensity for violence. Notwithstanding that knowledge, appellant intervened in a verbal dispute not involving him ostensibly because he believed Don was destroying his mother's home. Appellant himself broke a light on his way into Don's bedroom. When Don suggested they take their fight outside, appellant left, breaking the front door of his mother's home on his way out. Appellant went to the truck of a companion and asked for a gun. Not obtaining a gun, appellant then jumped into his truck, retrieved a baseball bat, and returned to the porch where Don had remained. Appellant then swung the bat, hitting Don's arm and knocking off his watch. Appellant then swung the bat and hit Don's head, causing him to collapse to the ground. Don died several days later as a result of blunt force trauma to the head.

The jury was entitled to draw reasonable inferences and logical deductions from the evidence. Based on appellant's conduct as set out above, in light of his knowledge that Don was quick to anger, "always" carried a knife, had used a knife to cut another brother, had previously threatened appellant, and was at the time involved in a volatile marital dispute, the jury could have reasonably inferred it was appellant's intent to harm Don by goading him into a fight.

The evidence is sufficient to allow a rational jury to find beyond a reasonable doubt appellant's acts or words or both actually caused any attack on him, and under all the circumstances then present, were reasonably calculated to provoke an attack by Don and that appellant's actions were done with the intent to harm his brother. *See id.* The trial court did not err in submitting an instruction to the jury on the factual issue of provocation.

Because we conclude there was no jury charge error by the trial court, we do not reach the issue of harm. *See Ngo*, 175 S.W.3d at 743. We resolve appellant's second issue against him.

We affirm the judgment.

---

lant entered the house or initiated a confrontation in order to have a *pretext* for killing his brother." Appellant is incorrect that the State had the burden to prove appellant intended to *kill* his brother, as opposed to harm him, to invoke the doctrine of provocation. *Smith* did not address the common law doctrine of "imperfect self-defense." However, it is clear under *Smith* the doctrine of provocation "applies to a forfeiture of right to self-defense of any degree of harm the defendant intends to inflict upon the victim." *Id.* at 512.