**Affirmed and Opinion Filed August 27, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-19-00987-CR**
_____

**BRANDON CHARLES SAMPSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F18-75082-S**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Osborne, and Justice Garcia
Opinion by Justice Osborne

A jury convicted Brandon Charles Sampson of murder and the trial court

sentenced him to life imprisonment. In a single issue, appellant complains of jury

charge error. In a cross point, the State requests that we modify the judgment to

correct two errors. We modify the judgment, and as modified, affirm.

### BACKGROUND

Because the facts are well-known to the parties and the issues are settled in

law, we need not recount them in detail here. *See* TEX. R. APP. P. 47.4. Police officers

executing a search warrant on January 9, 2018 found Jacquelyn Hughes's body

concealed in the garage at appellant's residence. An autopsy revealed that Hughes died as a result of gunshot wounds to the right side of her upper and lower chest.

On March 8, 2018, the grand jury indicted appellant for murder. The indictment alleged that appellant shot Hughes with a firearm. Appellant entered a plea of not guilty, and the case proceeded to trial before a jury.

Thirty-two witnesses testified at trial about the events and investigation leading to the discovery of Hughes's body and appellant's arrest. Twenty witnesses were law enforcement officers or forensic scientists. The remaining witnesses testified to facts relating to Hughes's disappearance and appellant's conduct before his arrest. Among other evidence, the jury heard testimony that Hughes was living at appellant's residence immediately before her death; she stopped her daily use of her cell phone while she was living at appellant's house; when her family came to appellant's house looking for her, appellant gave them differing accounts about where she was; after Hughes's disappearance, appellant drove to California, taking with him a .22 caliber firearm, and Hughes died from gunshot wounds from a .22 caliber firearm; and Hughes's body was found hidden in appellant's garage two weeks after her disappearance.

The jury found appellant guilty as charged in the indictment. After hearing testimony from eleven additional witnesses, the trial court assessed punishment at a term of life imprisonment.

This appeal followed. In a single issue, appellant contends the trial court "erred in not defining causation and not including that definition in the application paragraph of the jury charge."

## STANDARD OF REVIEW

When evaluating alleged jury charge error, we must first determine whether the charge was erroneous. *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005). Then, if we conclude there was error, we analyze that error for harm. *Id.* at 743. Where, as here, a defendant did not object to the charge, he is entitled to a reversal only if he suffered "egregious harm" as a result of the error. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); *see also* TEX. CODE CRIM. PROC. art. 36.19; *Ngo*, 175 S.W.3d at 743–44. Egregious harm is the type and degree of harm that "affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008).

## DISCUSSION

### 1. Jury Charge

"The purpose of the jury charge is to inform the jury of the applicable law and guide them in its application to the case." *Beltran de la Torre v. State*, 583 S.W.3d 613, 617 (Tex. Crim. App. 2019) (internal quotation omitted). "[A] proper charge consists of an abstract statement of the law applicable to the case and such

application paragraph or paragraphs as are necessary to apply that law to the facts."

*Fraser v. State*, 593 S.W.3d 883, 888 (Tex. App—Amarillo 2019, pet. ref'd).

The jury was charged, in relevant part:

A person commits the offense of Murder if the person (1) intentionally or knowingly causes the death of an individual, or (2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual.

The application paragraph instructed the jury:

[I]f you unanimously find and believe from the evidence beyond a reasonable doubt that on or about January 9, 2018, in Dallas County, Texas, the Defendant, Brandon Sampson, did intentionally or knowingly cause the death of Jacquelyn Hughes, an individual, hereinafter called deceased, by shooting the deceased with a firearm, a deadly weapon, **OR**

if you unanimously find and believe from the evidence beyond a reasonable doubt that on or about January 9, 2018, in Dallas County, Texas, the Defendant, Brandon Sampson, did intend to cause serious bodily injury to Jacquelyn Hughes, an individual, hereinafter called deceased, and did commit an act clearly dangerous to human life by shooting the deceased with a firearm, a deadly weapon, thereby causing the death of Jacquelyn Hughes, then you will find the Defendant guilty of Murder as alleged in the indictment.

Appellant contends the trial court erred by failing to instruct the jury on "causation." He argues that "but-for causation must be established between the defendant's conduct and the complainant's death." Quoting penal code section 6.04, he contends that "'a person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and

the conduct of the actor clearly insufficient.'" TEX. PENAL CODE § 6.04(a) (entitled "Causation: Conduct and Results").

Appellant argues the evidence "does not establish that some act by Appellant was the but-for cause of Jackie's death." He acknowledges "there was evidence that Jackie died, that a gunshot killed her, that her body was found in property leased by Appellant, and that Appellant fled to California," but contends this evidence "was circumstantial and allowed for multiple interpretations." He concedes there is "some evidence" that his "conduct caused or contributed to Jackie's death," but "less evidence that Appellant's conduct was the but-for cause of Jackie's death." He concludes that because "the issue of causation" was "the only meaningfully disputed issue in the case," it was "egregious error not to define the term 'causation' in the charge and not to apply it in the application paragraph."

Penal code 6.04, on which appellant relies, addresses "concurrent causation." *See* TEX. PENAL CODE § 6.04(a). "'Concurrent causation' means that more than appellant's conduct, that is 'another cause' in addition to appellant's conduct, was in issue." *Hughes v. State*, 897 S.W.2d 285, 297 (Tex. Crim. App. 1994) (internal quotation omitted). "A jury charge on causation is called for only when the issue of concurrent causation is presented." *Id.*

Where only the defendant's conduct is involved, no concurrent cause exists. *Robbins v. State*, 717 S.W.2d 348, 351 n.2 (Tex. Crim. App. 1986); *see also McKinney v. State*, 177 S.W.3d 186, 202 (Tex. App.—Houston [1st Dist.] 2005),

*aff'd*, 207 S.W.3d 366 (Tex. Crim. App. 2006) ("One's own actions or state generally cannot be a concurrent cause of one's criminal act."). In *Robbins*, the court noted that "no charge on the issue of concurrent causation should have been given . . . because the issue was not presented."[1] *Robbins*, 717 S.W.3d at 351. The court explained,

> No concurrent cause existed. Only appellant's conduct was involved. That conduct does not constitute a separate cause in a "but for" context. A concurrent cause is "another cause" in addition to the actor's conduct, an "agency in addition to the actor." An actor's conduct is not broken down such that it constitutes separate "causes," at least where the attributes which comprise the conduct are both admitted to have occurred . . . . See also the wording of [TEX. PENAL CODE] § 6.04(a) which indicates the concurrent cause is something other than the actor's conduct. We also recognize that concurrent causes might not be presented where an actor denies ever committing certain charged conduct and argues instead that he conducted himself in a separate and distinct fashion.

*Id.* at 351 n.2 (citations omitted).

In addition to citing penal code section 6.04, appellant relies on *Wooten v. State*, 267 S.W.3d 289, 296 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd), in support of his argument that "to convict a defendant of murder, but-for causation must be established between the defendant's conduct and the complainant's death." In *Wooten*, the appellant argued the evidence was insufficient to support his convictions for intoxication manslaughter because the State failed to prove that his

---

[1] The court, however, concluded it was necessary to address the issue because the trial court included it in the charge: "the issue was before the jury and we must address the correctness of that charge as if a charge on the issue of concurrent causes was necessary." *Robbins*, 717 S.W.2d at 351.

intoxication caused the deaths of the deceased. *Id.* at 294. He argued that any "but for" causal connection was severed because a motorcycle turned in front of him and he would not have hit the complainants had he not swerved to avoid colliding with the motorcycle. *Id.* He also argued that the two complainants placed themselves in danger by crossing the street on foot. *Id.* The court rejected the appellant's arguments, concluding among other reasons that "a fact-finder reasonably could have found that 'but for' appellant's intoxication, the complainants' deaths would not have occurred." *Id.* at 296. As the court's discussion in *Wooten* demonstrates, the "but for" requirement of article 6.04 becomes an issue for the fact finder when there is evidence of "an additional cause, other than an accused's conduct." *See id.* The fact finder must then determine whether the accused's conduct, the additional cause, or a combination of those, caused the result. *See id.*

But here, as in *Robbins*, "[o]nly appellant's conduct was involved." *See Robbins*, 717 S.W.2d at 351 n.2. The jury was properly instructed that if it found "from the evidence beyond a reasonable doubt" that appellant either "did intentionally or knowingly cause" Hughes's death by shooting her with a firearm, or "did intend to cause serious bodily injury" to Hughes by shooting her with a firearm, then "you will find the Defendant guilty of Murder as alleged in the indictment."

For appellant to be entitled to a charge on "concurrent causation," the record had to contain some evidence that the concurrent cause was clearly sufficient to produce the result and appellant's conduct clearly insufficient. *See Remsburg v.*

*State*, 219 S.W.3d 541, 545 (Tex. App.—Texarkana 2007, pet. ref'd). Without such evidence—and appellant cites none—the trial court was not required to give a concurrent causation instruction even if appellant had requested one. *See id.* Because we conclude there was no jury charge error by the trial court, we do not reach the issue of harm. *Harrod v. State*, 203 S.W.3d 622, 629 (Tex. App.—Dallas 2006, no pet.). We decide appellant's sole issue against him.

## 2. Modification of judgment

The State requests that the judgment should be modified (1) to show that a deadly weapon was used during the murder and (2) to cite the correct section of the penal code for the offense. When the record provides the necessary information to correct inaccuracies in the trial court's judgment, we have the authority to reform the judgment to speak the truth. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (courts of appeals have authority to modify a judgment); *Estrada v. State*, 334 S.W.3d 57, 63–64 (Tex. App.—Dallas 2009, no pet.) (same).

Appellant was charged with one count of murder under penal code section 19.02(c). Both theories of murder submitted by the State alleged that appellant used a deadly weapon in the commission of the offense. The jury was correctly instructed that a firearm is a deadly weapon, and the application paragraphs of the charge included the phrase "by shooting the deceased with a firearm, a deadly weapon." The jury found appellant guilty of murder as charged in the indictment. The trial

court's judgment, however, reflects "N/A" for "Findings on Deadly Weapon." Under these circumstances, we may reform the judgment to reflect the jury's finding. *See Bigley*, 865 S.W.2d at 27–28; *see also Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd) (reforming judgment to reflect jury's deadly weapon finding).

The State also requests modification of the judgment regarding the penal code section it cites as the basis for the offense. The judgment lists "Murder" as the "Offense for which Defendant Convicted." As "Statute for Offense," however, the judgment cites penal code section "19.02(A)(1)," the definition of "adequate cause." The elements of the offense of murder are set forth in subsection 19.02(b). *See* TEX. PENAL CODE § 19.02(b)(1), (2).

Accordingly, we modify the judgment in Cause No. F18-75082-S to reflect that (1) a deadly weapon was used in the commission of the offense, and (2) the "Statute for Offense" is section 19.02(b) of the Texas Penal Code.

## CONCLUSION

The trial court's judgment is affirmed as modified.

/Leslie Osborne//
LESLIE OSBORNE
JUSTICE

190987f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BRANDON CHARLES SAMPSON, Appellant

No. 05-19-00987-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas Trial Court Cause No. F18-75082-S. Opinion delivered by Justice Osborne. Chief Justice Burns and Justice Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

(1) to reflect that a deadly weapon was used in the commission of the offense, and

(2) to reflect that the "Statute for Offense" is section 19.02(b) of the Texas Penal Code.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 27th day of August, 2021.