Rodolfo Medrano NUNEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–05–00387–CR.

Court of Appeals of Texas,
Waco.

Jan. 24, 2007.

Kendric M. Ceasar, Law Office of Kendric M. Ceasar, Houston, for appellant.

John F. Healey, Jr., Ft. Bend County Dist. Atty., Richmond, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

Appellant Rodolfo Medrano Nunez was charged by indictment with Conspiracy to Commit Aggravated Robbery. The alleged co-conspirator is Juan Bautista. A jury returned a guilty verdict, and Nunez was sentenced to fifteen years in prison. He brings four issues on appeal. We will affirm the judgment of the trial court.

### Sufficiency of the Evidence

In his second issue, Nunez alleges that the evidence was legally and factually insufficient to support the conviction.

*Standard of Review*

Sufficiency of the evidence is measured against "the hypothetically correct jury charge for the case." *Gollihar v. State,* 46 S.W.3d 243, 253 (Tex.Crim.App. 2001); *Malik v. State,* 953 S.W.2d 234, 240 (Tex.Crim.App.1997). This is true whether or not there is alleged jury charge error.[1] *Gollihar,* 46 S.W.3d at 255. A hypothetically correct jury charge has its basis in the allegations of the indictment. *Id.*

When reviewing a challenge to the legal sufficiency of the evidence, we must determine whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). We do not resolve any conflict of fact or assign credibility to the witnesses, as this was the function of the trier of fact. *See Dewberry v. State,* 4 S.W.3d 735, 740 (Tex. Crim.App.1999); *Adelman v. State,* 828 S.W.2d 418, 421 (Tex.Crim.App.1992); *Matson v. State,* 819 S.W.2d 839, 843 (Tex. Crim.App.1991). Inconsistencies in the evidence are resolved in favor of the verdict. *Curry v. State,* 30 S.W.3d 394, 406 (Tex. Crim.App.2000); *Matson,* 819 S.W.2d at 843.

The Court of Criminal Appeals articulated the standard of review for a factual sufficiency claim in *Watson v. State,* 204 S.W.3d 404 (Tex.Crim.App. 2006). We, as the reviewing court, ask whether a neutral review of all the evidence, though legally sufficient, demonstrates either that the proof of guilt is so weak or that conflicting evidence is so strong as to render the jury's verdict clearly wrong and manifestly unjust. *Watson,* 204 S.W.3d at 414–15; *Johnson v. State,* 23 S.W.3d 1, 11 (Tex.Crim.App. 2000). The court reviews the evidence weighed by the jury that tends to prove the existence of the elemental fact in dispute and compares it with the evidence that tends to disprove that fact. *Johnson,* 23 S.W.3d at 7 (quoting *Jones v. State,* 944 S.W.2d 642, 647 (Tex.Crim.App.1996)).

---

1. We address a claim of charge error later in this opinion.

The appellate court does not indulge in inferences or confine its view to evidence favoring one side of the case. Rather, it looks at all the evidence on both sides and then makes a predominantly intuitive judgment.... *Id.* (quoting William Powers and Jack Ratliff, *Another Look at No Evidence and Insufficient Evidence,* 69 Texas L.Rev. 515, 519 (1991)).

█ The nature of a factual sufficiency review authorizes an appellate court, although to a very limited degree, to act as the so-called "thirteenth juror" to review the fact finder's weighing of the evidence and disagree with the fact finder's determination. *Watson,* 204 S.W.3d at 417 (citing *Tibbs v. Florida,* 457 U.S. 31, 42–3, 102 S.Ct. 2211, 2218, 72 L.Ed.2d 652 (1982), and *Meraz v. State,* 785 S.W.2d 146, 156 (Tex.Crim.App.1990)). If an appellate court concludes that the evidence is factually insufficient, however, it must clearly state why it has reached that conclusion. *Johnson,* 23 S.W.3d at 7 (citing *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 635 (Tex. 1986)).

*Legal Sufficiency Analysis*

█ Nunez was charged by indictment with conspiracy to commit aggravated robbery. Tex. Pen.Code Ann. §§ 15.02; 29.03(a) (Vernon 2003). A person commits criminal conspiracy if, with the intent that a felony be committed: (1) he agrees with one or more persons that they or one or more of them engage in conduct that would constitute the offense; and (2) he or one or more of them performs an overt act in pursuance of the agreement. *Id.* § 15.02(a). As relates to this case, a person commits aggravated robbery if he uses or exhibits a deadly weapon in the course of committing robbery. *Id.* § 29.03(a)(2). An agreement to enter into a conspiracy may be inferred from the acts of the parties. *Id.* § 15.02(b). The overt act alleged

in the indictment is that Nunez "hid in some bushes, at night, while armed with a deadly weapon, to wit a firearm, near the entrance of a business named Café Adobe."

At trial, Brandon McMann, an employee of Café Adobe restaurant, testified that he stayed late to help manager Andy Provost close the restaurant on January 18, 2004. As they prepared to exit the building at approximately 11:00 p.m., McMann saw a man in dark clothing jump over a garden wall near the front door. Provost testified that McMann seemed scared, told him there was a man wearing a black ski mask outside the restaurant, and asked him to call 9–1–1. McMann testified that he did not see whether the man was carrying a weapon.

Officer Richard Rivera of the Sugar Land Police Department arrived at the restaurant shortly after the 9–1–1 call. He testified that he parked his car facing the front entrance. His in-car video camera recorded Rivera approaching the entrance of the restaurant and two men emerging from the bushes and leaping over a wall. He chased the men as they ran past the restaurant and through a hedgerow. Rivera later learned that the two men were able to get ahead of him by taking a path that was not visible to him during the chase. Rivera yelled "police, stop" several times; however, the men continued to run. He stated that he followed the men to a creek, which they tried to swim across. Rivera took cover behind a tree and drew his service weapon.

Larry Kayode, the restaurant's security guard, testified that he followed the men in his patrol truck as they attempted to outrun Rivera, and he "never [lost] contact" with them. He remained in his truck until the men reached the creek. He observed the men in the creek and Nunez attempting to swim after he had been commanded

to stop. Shortly after they reached the creek, another officer arrived and the men were arrested. The officers brought them to the restaurant, and McMann identified Nunez as the man he saw jump over the wall. Further, Rivera searched the area for evidence after the men were arrested, and he recovered a 9 mm handgun and a knit cap near the wall where he first saw them. The two men were identified as Nunez and Bautista.

Rivera testified that when Nunez and Bautista jumped from the bushes he believed they were "definitely together" because "they came out of the same exact area." He also noted that the men took the same path through the opening in the hedgerow, and he inferred that the men coordinated their attempted escape because "you'd either have to be an employee or somebody who frequents that area just to know that that path is there." Kayode also testified that the men "were together" because "[t]hey were jumping the same direction at the same time."

█ Nunez argues that the State did not present sufficient evidence to prove that he and Bautista agreed to commit a crime, to show why they were hiding in the bushes, or that they were armed with a deadly weapon. Because conspirators' work is often clandestine in nature, direct evidence is not required to support a conviction for criminal conspiracy; circumstantial evidence will suffice. *Butler v. State*, 758 S.W.2d 856, 860 (Tex.App.-Houston [14th Dist.] 1988, no pet.).

Flight from the scene of a crime is circumstantial evidence of guilt. *See Harris v. State*, 645 S.W.2d 447, 457 (Tex. Crim.App.1983). Nunez's actions, including his flight from the scene, hiding in the bushes at 11:00 p.m. near a restaurant that was closing, wearing dark clothing and a ski cap, and taking the same hidden path as Bautista to escape—coupled with testi-

mony that a gun and ski cap were found near the bushes—are evidence of his agreement with Bautista to commit a crime. In viewing the evidence in the light most favorable to the verdict, we find the evidence legally sufficient to support the conviction.

*Factual Sufficiency Analysis*

Considering all the evidence in a neutral light, we find that the jury was justified in finding Nunez guilty. *Watson*, 204 S.W.3d at 415. The record shows that Nunez and Bautista hid outside the Café Adobe at closing time on the night of January 18, 2004, Nunez wore a ski cap and dark clothing, the men ran from police although commanded to stop, and a gun and ski cap were found in the area where Nunez and Bautista were hiding. Again, circumstantial evidence is sufficient to support a verdict for criminal conspiracy. *See Butler*, 758 S.W.2d at 860. We do not find this evidence so weak as to render the verdict manifestly unjust.

We overrule Nunez's second issue.

**Jury Charge Error**

The indictment alleges that Nunez performed the following overt act in furtherance of the conspiracy to commit aggravated robbery: "hid in some bushes, at night, while armed with a deadly weapon, to wit a firearm, near the entrance of a business named Café Adobe."

The application paragraph of the jury charge reads:

Now, if you find from the evidence beyond a reasonable doubt that, in Fort Bend County, Texas, on or about January 18, 2004, the Defendant, did then and there with intent that a felony, to wit: Aggravated Robbery be committed, agree with Juan Bautista that they would engage in conduct that would constitute said offense, and the said defen-

dant, either acting alone or as a party as that term is herein defined, did perform an overt act in pursuance to said agreement, to wit: *hid in some bushes at night; or, hid in some bushes while armed with a deadly weapon, to wit: a firearm; or, hid near the entrance of a business named Café Adobe,* then you will find the defendant guilty of Conspiracy to Commit Aggravated Robbery as charged in the Indictment in this case.

[Emphasis added.]

In his first issue, Nunez asserts that he was deprived of his right to a unanimous jury verdict because the jurors were not required to unanimously agree on which of the overt acts Nunez committed, the charge allowed the jury to convict on acts that did not include an aggravating element, and the charge does not track the language of the indictment. The State argues that the charge was not defective because it is proper for the indictment to allege the methods of committing the offense in the conjunctive, while the jury is charged in the disjunctive.

Although we recognize that the jury's verdict in a criminal case must be unanimous (*Francis v. State*, 36 S.W.3d 121, 125 (Tex.Crim.App.2000)) and that alternative theories of committing the same offense may be submitted to the jury in the disjunctive (*Kitchens v. State*, 823 S.W.2d 256, 258 (Tex.Crim.App.1991)), we do not perceive either to be the issue in this case.

■■■ A jury charge is fundamentally defective when it: (1) authorizes conviction without proof of all the requisite elements of the offense; (2) authorizes conviction on a different theory than alleged in the indictment; (3) authorizes conviction on the theory alleged in the indictment and on

additional unalleged theories; or (4) authorizes conviction for conduct which is not an offense. *Flores v. State*, 48 S.W.3d 397, 402 (Tex.App.-Waco 2001, pet. ref'd) (citing *Cumbie v. State*, 578 S.W.2d 732, 733–34 (Tex.Crim.App.1979)).

■■■ The charge does not track the language of the indictment.[2] As we view the indictment, it alleges a single overt act: "hid in some bushes, at night, while armed with a deadly weapon, to wit a firearm, near the entrance of a business named Café Adobe." The charge, on the other hand, describes three separate acts: (1) "hid in some bushes at night"; (2) "hid in some bushes while armed with a deadly weapon, to wit: a firearm;" and (3) "hid near the entrance of a business named Café Adobe." It authorized a conviction if the jury found any one of the three to be true. Thus, the charge authorized a conviction on a theory different from that alleged in the indictment and was erroneous. *See id.*

■■■ Having found error, we must analyze that error for harm. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex.Crim.App.2005) (citing *Middleton v. State*, 125 S.W.3d 450, 453 (Tex.Crim.App.2003)). The degree of harm necessary for reversal depends on whether the appellant preserved the error by objection. *Id.* Under *Almanza*, jury charge error requires reversal when the defendant has properly objected to the charge and we find "some harm" to his rights. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985). The "actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant

2. There is not an allegation of a variance between the indictment and the proof at trial, and we find none.

information revealed by the record of the trial as a whole." *Ovalle v. State*, 13 S.W.3d 774, 786 (Tex.Crim.App.2000). The burden to demonstrate harm does not rest on Nunez or the State; it is our responsibility as an appellate court to review the record and assess harm. *Johnson v. State*, 43 S.W.3d 1, 4–6 (Tex.Crim.App.2001).

■ As we have noted, the evidence is legally and factually sufficient to prove the allegations of the indictment. The evidence that Nunez hid in the bushes, at night, near the Café Adobe and that there was a firearm nearby is uncontroverted. Considering the *Ovalle* factors, we do not believe that Nunez suffered harm due to the error in the court's charge. We overrule his first issue.

### Law of Parties

■ In his third issue, Nunez contends that the trial court erred in instructing the jury on the law of parties because there is no evidence that he or Bautista ever communicated, assisted, or encouraged the other to commit a crime.

Nunez simply says there is no evidence that he and Bautista knew each other or that he had any affiliation with Bautista. The State says when the evidence is sufficient to support both a primary and party theory of liability, the court may instruct on the law of parties. Neither addresses interaction between the law of conspiracy and the law of parties.

■ The central question is whether one of two parties who are alleged to have agreed to enter into a conspiracy can be guilty only as a party and not as a result of his own agreement. The alleged agreement is the essence of a conspiracy, not the overt act necessary to complete the offense. *Harrell v. State*, 885 S.W.2d 427, 431 (Tex.App.-Tyler 1991), *rev'd on other grounds*, 820 S.W.2d 800 (Tex.Crim.App.

1991); *see also Williams v. State*, 646 S.W.2d 221, 222 (Tex.Crim.App.1983).

The test for determining when an instruction should be submitted to the jury on the law of parties was set forth in *McCuin v. State*, 505 S.W.2d 827 (Tex. Crim.App.1974):

Where the evidence introduced upon the trial of the cause shows the active participation in the offense by two or more persons, the trial court should first remove from consideration the acts and conduct of the non-defendant actor. Then, if the evidence of the conduct of the defendant then on trial would be sufficient in and of itself, to sustain the conviction, no submission of the law of [parties] is required.

On the other hand, if the evidence introduced upon the trial of the cause shows, or raises an issue, that the conduct of the defendant then upon trial is not sufficient, in and of itself, to sustain a conviction, the State's case rests upon the law of [parties] and is dependent, at least in part, upon the conduct of another. In such a case, the law of parties must be submitted and made applicable to the facts of the case.

*See also Ladd v. State*, 3 S.W.3d 547, 564 (Tex.Crim.App.1999).

Although one could question the application of this test to a charge of conspiracy involving only two persons, we will apply it to the facts at hand. Nunez and Bautista were "together." The men hid in the same area near the restaurant, took the same path in an attempt to outrun the police, and attempted to escape when commanded by the police to stop. Removing Bautista's acts from consideration, we find that Nunez's identical acts are sufficient to warrant a jury's finding that Nunez entered into an agreement with Bautista and to establish the overt act necessary under the statute to convict him of conspiracy. TEX.

PEN.CODE ANN. § 15.02(a); *see Childress v. State*, 807 S.W.2d 424, 435 (Tex.App.-Amarillo 1991, no writ). Indeed, without Nunez's *and* Bautista's direct participation in the agreement, there could be no conspiracy. As noted, the evidence shows that Nunez did everything that Bautista did, and vice-versa. No charge was required on the law of parties, and the court erred in including one. *See Pritchett v. State*, 874 S.W.2d 168, 173 (Tex.App.-Houston [14th Dist.] 1994, pet. ref'd).

■ Turning to the question of harm, we find that the Court of Criminal Appeals has said that when the evidence clearly supports a defendant's guilt as a principal actor, an error in charging on the law of parties is harmless. *See Ladd*, 3 S.W.3d at 564–65; *Black v. State*, 723 S.W.2d 674, 675 (Tex.Crim.App.1986).

Accordingly, we overrule Nunez's third issue.

### Presumption Instruction

■ In his final issue, Nunez argues that the trial court erred by denying his request for a presumption instruction in accordance with Penal Code Section 2.05. *See* TEX. PEN.CODE ANN. § 2.05(a)(2) (Vernon Supp.2006). Nunez insists that an instruction was necessary because the charge "directed the jury" to find guilt if it found beyond a reasonable doubt that he (1) hid in some bushes at night; (2) hid in some bushes while armed with a deadly weapon; or (3) hid near the entrance of the Café Adobe.

When the Penal Code or another penal law establishes a presumption with respect to any fact, and there is sufficient evidence of the fact to give rise to the presumption so that it must be submitted to the jury, Section 2.05 requires the court to instruct the jury as to the presumption. *Id.* Nunez has not established that this section applies to the present case. The applica-

tion paragraph of the charge required that the jury find beyond a reasonable doubt (1) that Nunez agreed with Bautista to commit aggravated robbery and (2) committed an overt act. Further, Nunez has presented no authority in support of his contention that such an instruction was required. Accordingly, his fourth issue is overruled.

### CONCLUSION

Having overruled Nunez's four issues, we affirm the judgment of the trial court.

Chief Justice GRAY concurs in the judgment without a separate opinion.