PD-1464-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/14/2015 12:38:40 PM
Accepted 12/15/2015 3:56:54 PM
ABEL ACOSTA
CLERK

PD-1464-15

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

CHANCE DOUGLAS BOLEN,
PETITIONER

v.

THE STATE OF TEXAS

\* \* \* \* \* \* \* \* \* \*

Petition in Cause No. 6663, from the
121st District Court of Terry County, Texas,
Hon. Kelly G. Moore presiding
and Cause No. 07-15-00071-CR in the Court of Appeals
for the Seventh Supreme Judicial District of Texas

\* \* \* \* \* \* \* \* \* \*

PETITION FOR DISCRETIONARY REVIEW

David Crook, Crook & Jordan
Attorneys-at-Law
PO Box 94590
(806) 744-2082
(806) 744-2083 Fax
dcrook@nts-online.net

Attorney for the Petitioner,
CHANCE DOUGLAS BOLEN

FILED IN
COURT OF CRIMINAL APPEALS

December 15, 2015

ABEL ACOSTA, CLERK

## IDENTITY OF JUDGE, PARTIES, AND COUNSEL
(RULE 68.4(a), TEX. R. APP. PROC.)

A complete list of all parties to the trial court's judgment or order appealed from, and the names and addresses of all trial and appellate counsel includes:

CHANCE DOUGLAS BOLEN, Petitioner
TDCJ #01984357
Clements Unit
9601 Spur 591
Amarillo, TX 79107

THE STATE OF TEXAS, Respondent

FOR THE PETITIONER:

DAVID CROOK, Crook & Jordan
PO Box 94590
Lubbock, Texas 79493
(806)744-2082
(806) 744-2083 (fax)
State Bar No. 05109530
Attorney for the Petitioner

TRIAL COURT JUDGE:

Hon. Kelly G. Moore
Terry County Courthouse
500 W. Main, Rm. 302W
121st District Court, Terry County
Brownfield, TX 79316
(806) 637-7742
(806) 637-8011 (fax)

FOR THE STATE OF TEXAS:

JO'SHAE FERGUSON-WORLEY
ATTORNEY FOR THE
STATE OF TEXAS
Terry County District Attorney
Terry County
500 W. Main, Rm. 208E
Brownfield, TX 79316
(806) 637-4984
(806) 637-4947 (fax)

Hon. LISA McMINN
State Prosecuting Attorney
PO Box 12405
Austin, TX 78711
(512) 463-1660
(512) 463-5724 (fax)

## TABLE OF CONTENTS
### (RULE 68.4(a), TEX. R. APP. PROC.)

*PAGE*

PARTIES …………………………………………..………………………………….2

TABLE OF CONTENTS …………………………………………………………....3

INDEX OF AUTHORITIES ………………………………………………………...4

STATEMENT REGARDING ORAL ARGUMENT ………………………………….7

STATEMENT OF THE CASE ……………………………………………………...7

STATEMENT OF PROCEDURAL HISTORY …………………………….…….......8

**PETITIONER'S GROUNDS FOR REVIEW** …………………………………………8

**NUMBER ONE: THE COURT OF APPEALS ERRED IN HOLDING THAT PETITIONER FAILED TO PRESERVE ERROR AS PER HIS OBJECTION TO THE CHARGE IN THE TRIAL COURT, AND THEREFORE APPLIED AN INCORRECT STANDARD OF REVIEW IN ASSESSING HARM**…………………………...........................................................8

**NUMBER TWO: ARGUING IN THE ALTERNATIVE, THE COURT OF APPEALS ERRED IN HOLDING THAT PETITIONER DID NOT SUFFER EGREGIOUS HARM AS A RESULT OF THE ERRONEOUS JURY CHARGE SUBMITTED**…………………

**REASONS FOR REVIEW** ……………………………………………..…………8

**AS TO GROUNDS NUMBER ONE: THE DECISION OF THE COURT OF APPEALS CONFLICTS WITH THE APPLICABLE DECISIONS OF THE COURT OF CRIMINAL APPEALS.**

**AS TO GROUNDS NUMBER TWO: THE DECISION OF THE COURT OF APPEALS CONFLICTS WITH THE APPLICABLE DECISIONS OF THE COURT OF CRIMINAL APPEALS.**

ARGUMENT………………………………………………………………………9

CONCLUSION AND PRAYER ……………………………………………..………22

CERTIFICATE OF COMPLIANCE………………………………………………...22

CERTIFICATE OF SERVICE …………………………………………………………22

APPENDIX …………………………………………………………………..24

# INDEX OF AUTHORITIES
## (RULE 68.4(b), TEX. R. APP. PROC.)

*PAGE*

**Constitutional Provisions**

U.S. CONST. Amend. VI……………………………………………………………….11

TEX. CONST. Art. V, § 13……………………………………………………..11,12

**State Statutes**

TEX. CRIM. PROC. Art. 36.29(a)…………………………………………………11

TEX. CRIM. PROC. Art. 38.37……………………………………………10,13,14,21

TEX. CRIM. PROC. Art. 36.19……………………………………………..12,18

TEX. PEN. CODE § 21.02……………………………………………..9,11,12,13

TEX. PEN. CODE § 21.02(b)(1)…………………………………………………10,13

TEX. PEN. CODE § 21.02(b)(2)………………………………………………….10

TEX. PEN. CODE § 21.02(c)(6)……………………………………………..9,10

TEX. PEN. CODE § 43.25(a)(1)……………………………………………...9

TEX. PEN. CODE § 43.25(a)(2)……………………………………9,10,13,14,15

TEX. PEN. CODE § 43.25(b)……………………………………………………9,10

TEX. R. EVID. 105(a)…………………………………………………………..10

TEX. R. EVID. 404(b)…………………………………………………………10,21

**Case Law, State**

*Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)………………18,20,21

*Arline v. State*, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986)…………………………18,19

*Casey v. State*, 349 S.W.3d 825 829-830 (Tex. App.—El Paso 2012, pet. ref'd)…………….12

*Davis v. State*, 557 S.W.2d 303, 304 (Tex. Crim. App. 1977)……………………………...21

*Dixon v. State*, 928 S.W.2d 564 (Tex. Crim. App. 1996)……………………………………17,19

*Ex parte Little,* 887 S.W.2d 62, 66 (Tex. Crim. App. 1994)…………………………………17,19

*Francis v. State*, 36 S.W.3d 121, 123 (Tex. Crim. App. 2000)……………………………………11

*Fulmer v. State*, 401 S.W.3d 305 (Tex. App.—San Antonio 2013, pet. ref'd.)………………12

*Garcia v. State*, 640 S.W.2d 939, 941 (Tex. Crim. App. 1982)……………………………………21

*Harrod v. State*, 203 S.W.3d 622 (Tex. App.—Dallas 2006)……………………………………12

*Holmes v. State*, 223 S.W.3d 728, 731 (Tex. App.—Houston (14th Dist.) 2007, *aff'd* 248 S.W.3d 194……………………………………………………………………………………18,19

*Kennedy v. State*, 385 S.W.3d 729, 731 (Tex. App.—Amarillo 2013 pet. ref'd)……………..12

*Lankston v. State*, 827 S.W.2d 907 (Tex. Crim. App. 1992)……………………………………17,19

*Martin v. State*, 335 S.W.3d 867 (Tex. App.—Austin 2011, pet. ref'd)………………………12

*Medina v. State*, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999)……………………………………20,21

*Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003)……………………………15

*Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005)……………………………15,18,20

*Nunez v. State*, 215 S.W.3d 537 (Tex. App.—Waco 2007, pet. ref'd)……………………………21

*Patrick v. State*, 906 S.W.2d 481, 493 (Tex. Crim. App. 1995 (en banc)…………………..20,21

*Rivera v. State*, 233 S.W.3d 403, 405 (Tex. App.—Waco 2008, pet. ref'd)………………...15,18

*Smith v. State*, 930 S.W.2d 227 (Tex. App.—Beaumont 1996, pet. ref'd)…………………17,19

*Young v. State*, 826 S.W.2d 141, 150 (Tex. Crim. App. 1991)…………………………………17,19

*Yzaguirre v. State*, 394 S.W.3d 526, 530 (Tex. Crim. App. 2013)………………………………20,21

*Zillender v. State*, 557 S.W.2d 515 (Tex. Crim. App. 1977)……………………………………17,19

PD-1464-15


IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS


CHANCE DOUGLAS BOLEN,
PETITIONER

v.

THE STATE OF TEXAS

\* \* \* \* \* \* \* \* \* \*


Petition in Cause No. 6663, from the
121st District Court of Terry County, Texas,
Hon. Kelly G. Moore presiding
and Cause No. 07-15-00071-CR in the Court of Appeals
for the Seventh Supreme Judicial District of Texas


\* \* \* \* \* \* \* \* \* \*


PETITION FOR DISCRETIONARY REVIEW

David Crook, Crook & Jordan
Attorneys-at-Law
PO Box 94590
(806) 744-2082
(806) 744-2083 Fax
dcrook@nts-online.net

Attorney for the Petitioner,
CHANCE DOUGLAS BOLEN

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW CHANCE DOUGLAS BOLEN, Petitioner, by and through his attorney

of record, DAVID CROOK, and petitions the Court of Criminal Appeals of Texas to exercise its

discretionary jurisdiction to review the judgment of the Court of Appeals for the Seventh District

of Texas, Amarillo, Texas. In support of this Petition, he would show this Honorable Court as

follows.

## STATEMENT REGARDING ORAL ARGUMENT
(RULE 68.4(c), TEX. R. APP. PROC.)

The grounds for review set forth in this petition concern the failure of the court of appeals to follow binding precedent; oral argument would be helpful to the Court in distinguishing the factual background of the case as shown in the record inasmuch as the facts of the case play an important role in defining the implications of Petitioner's argument.

## STATEMENT OF THE CASE
(RULE 68.4(d), TEX. R. APP. PROC.)

On April 25, 2014, Petitioner was charged in a single-count indictment. He was charged under Penal Code § 21.02(b)(1), (2) and (6), with reference to Penal Code § 43.25(a)(2) and (b) with Continuous Sexual Abuse of a Young Child, by intentionally or knowingly inducing said child "to engage in sexual conduct to wit: masturbation." The alleged victim was XXXXXX XXXXXXX, a child, and the offense period alleged was "from on or about 03/05/2008 through 03/04/2012." The copy of the indictment in the Clerk's Record shows an interlineation changing "03/04/2013" to March 4th, 2012, by striking out the year 2013 and writing in 2012 (Clerk's Record ["CR"] p. 5).

A non-evidentiary pretrial hearing was held in the case on January 1, 2015 (RR v. 2). Petitioner's jury trial on guilt-innocence commenced on February 9, 2015 in the 121st District Court, Hon. Kelly G. Moore presiding. He was convicted on February 11, 2015 (RR v. 5, p. 30). Sentencing proceedings took before the jury. On February 11, 2015, the jury sentenced Petitioner to life imprisonment in the Texas Department of Criminal Justice, Institutional Division (RR v. 6, pp. 46-47).

Petitioner perfected appeal on February 23, 2015 (CR p. 93).

In this Petition, the name of the alleged victim appears initially [*supra*] as "XXXXXX

XXXXXXX," and appears thereafter in every instance as "XXXXXX." The name of the (other) child witness in the case [not the alleged victim] appears initially as "XXXXX XXXXXXXXXXXXX" and thereafter in every instance as "XXXXX."

## STATEMENT OF PROCEDURAL HISTORY

(RULE 68.4(e), TEX. R. APP. PROC.)

The Seventh Court of Appeals rendered its decision affirming petitioner's conviction in COA Case No. 07-15-00071-CR on October 14, 2015. No motion for rehearing was filed by Petitioner. Petitioner's counsel moved for one extension, which was granted. This petition was then filed with the clerk of the Court of Criminal Appeals within the time allowed by order of this Court on Petitioner's Motion for Extension.

**PETITIONER'S GROUNDS FOR REVIEW**

**NUMBER ONE: THE COURT OF APPEALS ERRED IN HOLDING THAT PETITIONER FAILED TO PRESERVE ERROR AS PER HIS OBJECTION TO THE CHARGE IN THE TRIAL COURT, AND THEREFORE APPLIED AN INCORRECT STANDARD OF REVIEW IN ASSESSING HARM.**

**NUMBER TWO: ARGUING IN THE ALTERNATIVE, THE COURT OF APPEALS ERRED IN HOLDING THAT PETITIONER DID NOT SUFFER EGREGIOUS HARM AS A RESULT OF THE ERRONEOUS JURY CHARGE SUBMITTED.**

**REASONS FOR REVIEW**

**AS TO GROUNDS NUMBER ONE: THE DECISION OF THE COURT OF APPEALS CONFLICTS WITH THE APPLICABLE DECISIONS OF THE COURT OF CRIMINAL APPEALS.**

**AS TO GROUNDS NUMBER TWO: THE DECISION OF THE COURT OF APPEALS CONFLICTS WITH THE APPLICABLE DECISIONS OF THE COURT OF CRIMINAL APPEALS.**

**ARGUMENT**

GROUNDS NUMBER ONE: THE COURT OF APPEALS ERRED IN HOLDING THAT PETITIONER FAILED TO PRESERVE ERROR AS PER HIS OBJECTION TO THE CHARGE IN THE TRIAL COURT, AND THEREFORE APPLIED AN INCORRECT STANDARD OF REVIEW IN ASSESSING HARM.

*The Statute*

Petitioner was indicted pursuant to Penal Code § 21.02, "**CONTINUOUS SEXUAL ABUSE OF YOUNG CHILD OR CHILDREN**." The indictment charged an offense under 21.02(b)(1), (2) and (c)(6), with the last subsection referring to Penal Code § 43.25(a)(2) and (b), alleging that Petitioner induced the child to masturbate.

Penal Code § 21.02 forbids the commission of two or more "acts of sexual abuse" during a period that is 30 days in duration or more. The phrase "acts of sexual abuse" is given varied meanings. One of these defined acts or set of acts is given in Penal Code § 21.02(c)(6). This subsection by its terms incorporates the definition of "sexual performance by a child" given in Penal Code § 43.25. Penal Code § 43.25(a)(1) defines "Sexual performance" to include "Sexual conduct." Penal Code § 43.25(a)(1) in turn defines "Sexual conduct" to include "sexual contact; actual or simulated sexual intercourse, deviate [*sic*] sexual intercourse, sexual bestiality, masturbation, sado-masochistic abuse, or lewd exhibition of the genitals, the anus, or any portion of the female breast below the top of the areola." The indictment charged Petitioner with the commission of only one of the possibilities proffered by 43.25(a)(2). It claimed that he did there and then "induce XXXXXX to engage in sexual conduct to-wit: masturbation."

*The Evidentiary Record*

XXXXXX testified to being induced to masturbate in Petitioner's presence, as per the specific allegations in the indictment. She also testified to being on the receiving end of varied types of sexual abuse from Petitioner. She gave evidence about an early incident that involved

9

Petitioner fondling her person somewhere "very close" to her lower body (RR v. 4, pp. 36-38). She testified about Petitioner very often grabbing her breasts and touching her vagina, and to the fact that Petitioner "fingered" her. She described digital penetration (RR v. 4, pp. 48-49). Besides being induced to masturbate for Petitioner, she saw him masturbate and ejaculate "many" times (RR v. 4, p. 50). He also "did anal" with her. She performed oral sex upon Petitioner (RR v. 4, pp. 63-64). More than once, she had full-scale [vaginal] sex with him (RR v. 4, pp. 69-72). **Petitioner did not request, and did not receive, any contemporaneous limiting instructions to the jury pursuant to T.R.E. 105(a) as they heard XXXXXX's testimony of his supposed commission of the various acts listed, just** *supra*. [See TEX. R. EVID. 105(a).] Nothing of the sort happened until the Court issued its written jury charge. It contained two limiting instructions. One was founded upon TEX. R. EVID. 404(b). The other was based on TEX. CRIM. PROC. Article 38.37 of the Code. Neither of the instructions had ever been given during the testimonial phase of the guilt-innocence portion of the trial. One could excuse the jury for thinking all this testimony regarding the long Saturnalia and its general miscellany of sexual acts went directly to guilt on the case as specifically indicted.

*Petitioner's Objections to the Charge*

At the beginning of the trial, Petitioner made a challenge to the constitutionality of the statute he was being prosecuted under, Penal Code § 21.02(b)(1), (2) and (c)(6) [with reference in this particular case to Penal Code § 43.25(a)(2) and (b)]. He asserted a defect in Penal Code § 21.02 with regard to its purported failure to require a constitutionally unanimous jury verdict as to specific incidents. He objected to the statute's failure to pass constitutional muster in this particular and asked for "a running objection to the entire trial." The Trial Court overruled the objection (RR v. 3, pp. 193-194).

During the conference re the guilt-innocence charge, Petitioner objected to paragraph 5, the Court's unanimity instruction, on constitutional grounds, saying, "As to paragraph five you're instructed that Members of the Jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant." Having noted that language, he continued the objection to paragraph 5 as follows: "While it [the statute] may require that all 12 jurors believe something happened…it does not require the 12 of them to agree on what or at least on specific dates, specific times…It basically just sets up a scenario to where someone can come in and say, somebody committed a crime against me..." The Court overruled the objection (RR v. 4, pp. 235-236).

*Jury Unanimity and Penal Code § 21.02*

Any defendant has the 6th Amendment right to a unanimous jury verdict, and has the equivalent right under Article V, § 13, of the Texas Constitution. Art. 36.29(a), C.C.P., also pertains to this issue. *Francis v. State*, 36 S.W.3d 121, 123 (Tex. Crim. App. 2000), is a leading case. *Francis* and cases following it can broadly be said to hold that where a jury is offered a list of misdeeds in the application paragraph to consider, the issue as to whether the charge violates the right to a unanimous jury depends on whether the proffered list consists of mere "manner and means" choices or on the other hand whether the items in the list are stand-alone criminal offenses. The situation in *Francis* can be distinguished from that of a typical misdemeanor assault case, where the application paragraph might offer the jury the choice of several different "manner and means" of the commission of, say, Class A assault, for example. That is, different members of the jury would be given the choice in the application paragraph of different ways of committing the same offense, and some diversity of opinion in that regard would not offend the constitutional requirement of jury unanimity. A jury must unanimously agree on each element of

11

the charged crime in order to convict, but need not agree on all of the underlying facts that make up a particular element. *Harrod v. State*, 203 S.W.3d 622 (Tex. App.—Dallas 2006). Another way of putting it would be to say that for conviction of a felony, each juror must agree that the defendant committed each element of the crime, but need not agree on the underlying "brute facts" that make up the manner and means by which the defendant committed the crime. The Due Process Clause of the federal constitution is functionally similar to the "due course" [of law] provision in the State Constitution. Both limit a state's power to define crimes in a way that would permit juries to convict while disagreeing about means. Despite its obvious unanimity issues, Penal Code § 21.02 [thus far at any rate] supposedly passes muster under these criteria. See *Fulmer v. State*, 401 S.W.3d 305 (Tex. App.—San Antonio 2013, pet. ref'd). The El Paso Court agreed as to both constitutions in *Casey v. State*, 349 S.W.3d 825 829-830 (Tex. App.—El Paso 2012, pet. ref'd). The Austin Court of Appeals agreed in *Martin v. State*, 335 S.W.3d 867 (Tex. App.—Austin 2011, pet. ref'd). The Amarillo Court agreed in *Kennedy v. State*, 385 S.W.3d 729, 731 (Tex. App.—Amarillo 2013 pet. ref'd). Thus, Penal Code § 21.02 has withstood constitutional attacks to date on the bases of Due Process, and the federal and state requirements relating to jury unanimity.

Petitioner is not making a constitutional attack upon the statute in the style of the cases listed just *supra*, but rather argues that there was error in the charge, which he preserved, therefore requiring an analysis under Art. 36.19 rather than under the Sixth Amendment or Article V, § 13 of the Texas Constitution, except indirectly perhaps.

*The Charge as Given*

The Trial Court's jury charge as submitted contained several portions that tended to obscure or needlessly complicate the jury's understanding of what acts it was supposed to be considering

the issue of Petitioner's guilt for, including paragraph "5" of the charge. **The application paragraph drew upon these portions in defining the offense for the jury's consideration**.

The indictment accused Petitioner of inducing XXXXXX to masturbate [an act of "sexual abuse" as referenced under 21.02(b)(1)]. The State provided testimony of a wide variety of forbidden sexual activities. These alleged acts were admittedly admissible under TEX. CRIM. PROC. Article 38.37. They were not, however, part of the jury's consideration for the specific issue of Petitioner's guilt. These extra forbidden acts were outside of the State's pleadings in this case, included various activities proscribed under TEX. PEN. CODE § 43.25(a)(2). They included "sexual contact," intercourse, what a jury would probably understand to be "deviate sexual intercourse," and "lewd exhibition of the genitals" and also the female breast. Thus, to recap the statutory scheme, Appellant was accused under § 21.02 of ["continuous"] "sexual abuse," a phrase that referred to and incorporated the definition of "sexual performance" [referring to § 43.25]. "Sexual performance" in § 43.25(a)(1) was defined as including "Sexual conduct" [see § 43.25(a)(2)], which itself had about six or so distinct definitions.

The portion of the charge under the heading "2" contained instructional and definitional material for the jury. The first full paragraph under that heading began by defining the phrase "Act of sexual abuse" to include "any act" violating § 43.25 of the Penal Code. That portion of the charge referred to the proscription in 43.25 as to inducing a young child to engage in "sexual conduct" or a "sexual performance ["2"]:

> "*Act of sexual abuse*" means any act that is a violation of Section 43.25 of the Texas Penal Code. Under Section 43.25 of the Texas Penal Code, a person commits an offense if that person, knowing the character and content thereof, induces a child *younger than 18 years of age to engage in sexual conduct or a sexual performance* [*emphasis added*].

The next full paragraph under the heading "2" defined "Sexual conduct" very broadly to included, *inter alia*, "sexual contact," actual…intercourse, "deviate sexual intercourse,"

masturbation, and/or "lewd exhibition of the genitals, the anus, or…the breast."  The definitional

material here is taken from § 43.25(a)(2):

> *"Sexual conduct"* means sexual contact, actual or simulated, sexual intercourse, deviate
> sexual intercourse, sexual bestiality, masturbation, sado-masochistic abuse, or lewd exhibition
> of the genitals, the anus, or any portion of the female breast below the top of the areola [*emphasis
> added*.]

**Everything in the foregoing paragraph was harmful and not needed there except the
reference to masturbation, that being the charged offense.  The instruction should have
been limited to the formally charged conduct and should not have included the uncharged
conduct.  The error was incorporated by reference into paragraph 5, the unanimity
instruction (see *infra*).**  The various uncharged forms of "Sexual conduct" listed above were in

effect extraneous offenses, admissible under Article 38.37, C.C.P. but not directly at issue on

guilt-innocence, given the indictment's limitation to inducing to masturbation.  The presence of

this material in the charge goes to the harm created by the loose language of the unanimity

instruction given in paragraph 5.

The last instructional paragraph of the charge, on the bottom of page 2 of the charge, under

the heading paragraph 5, was the Court's unanimity instruction.  It reads as follows:

> You are instructed that members of the jury are not required to agree unanimously on
> which specific acts of *sexual abuse*, if any, were committed by the defendant or the exact
> date when those acts were committed, if any.  The jury must agree unanimously that the
> defendant, during a period that was 30 or more days in duration, committed two or more acts
> of *sexual abuse*, *as that term has been previously defined* [*emphasis added*].

There followed the application paragraph [paragraph 6]:

> Now if you find…that the defendant, CHANCE BOLEN, did then and there,
> during a period that was 30 or more days in duration, to-wit: from on or about
> 03/05/2008 through 03/04/2012 when the defendant was 17 years of age or older,
> commit two or more acts of *sexual abuse* against a child younger than 14 years of
> age, namely intentionally *or* knowingly induce XXXXXX to engage in
> *sexual conduct* to-wit: masturbation, then you will find the defendant guilty… [*emphasis
> added*].

14

Thus, paragraph 1 of the charge, in defining the offense for the jury, included the phrase "sexual abuse," and in paragraph 2 defined "sexual abuse" so as to incorporate the definition of "Sexual conduct" from § 43.25(a)(2), a definition that included the [here, uncharged] offenses of regular sexual intercourse and anal sexual intercourse. Paragraph 5, the unanimity instruction, referred to "sexual abuse." So did the application paragraph itself, though it purported to limit the jury's consideration to inducement to masturbation.

*Question of Error in the Charge*

When reviewing a jury instruction in a criminal case, the Court of Appeals first examines the instruction for error [*Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005]; if an error occurred, the Court then decides whether the error caused harm. *Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003), *Rivera v. State*, 233 S.W.3d 403, 405 (Tex. App.—Waco 2008, pet. ref'd).

Petitioner avers that paragraph 5 of the charge as given was erroneous in that it contained the phrase "sexual abuse" where that phrase specifically referred back to the definition of "Sexual conduct" given in the second paragraph under the numerical heading "2," and also to the first paragraph under the numerical heading "2." The effect was to have the jury consider the extensive testimony of the alleged victim regarding Petitioner's supposed commission of anal rape, complete regular sexual intercourse, exposure of genitals and breasts, etc., as acts directly showing guilt in the instant case. The effect of the language in paragraph 5, when referring back to other portions of the charge, was to fail to limit the jury's consideration to legitimate "manner and means" as to the charged offense, i.e., solely that of inducing the alleged victim to masturbate. Instead, the jury considered Petitioner's supposed commission of numerous extraneous offenses, violating his right to be tried for the offense charged. The extraneous,

harmful, definitional material of paragraph 2 should not have been included in the charge, and the phrase "sexual abuse" should not have been defined to include "sexual conduct" with its multifaceted definition of unindicted offenses. The overly inclusive definition given in paragraph 5 was also harmful. Petitioner submits that the following unanimity instruction should have read as follows:

> You are instructed that members of the jury are not required to agree unanimously on which acts by CHANCE BOLEN of inducement to masturbation by XXXXXX, if any, were committed by the defendant or the exact date when those acts were committed, if any. The jury must agree unanimously that the defendant, during a period that was 30 or more days in duration committed two or more acts of inducement to masturbation.

Also, the phrase "sexual conduct" should not have been defined in that manner and then included in the application paragraph. The error complained of thus extends to the application paragraph of the charge, which facially purports to limit the jury's consideration to acts tending to induce the alleged victim to masturbate. The application paragraph language includes both the phrases "sexual abuse" and "sexual conduct," which by then the jury probably regarded as interchangeable. The inclusion of both of these phrases by that point in the trial in effect gave the jury *carte blanche* to convict Petitioner for his supposed commission of many other offenses, including vaginal and anal sex.

### The Issue of Preservation of Error

During the conference re the guilt-innocence charge, Petitioner objected to paragraph 5, the Court's unanimity instruction, on constitutional grounds, saying, "As to paragraph five you're instructed that Members of the Jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant." Having noted that language, he continued the objection to paragraph 5 as follows: "While it [the statute] may require that all 12 jurors believe something happened…it does not require the 12 of them to agree *on what* or at

16

least on specific dates, specific times…It basically just sets up a scenario to where someone can come in and say, somebody committed a crime against me... [*emphasis added*]" The Court overruled the objection (RR v. 4, pp. 235-236). Thus, Petitioner made an objection sufficient to preserve error, to wit, that the Court's unanimity instruction in paragraph 5 did not sufficiently protect his right to a unanimous jury verdict as to proper "manner and means." The objection sufficed for that purpose. "Generally, a sufficient objection need only be specific enough to apprise the trial judge of the complaint." *Young v. State*, 826 S.W.2d 141, 150 (Tex. Crim. App. 1991). The *Young* opinion said, "It is only when the nature of a defendant's complaint is unclear that we should consider his objection waived." See also *Ex parte Little,* 887 S.W.2d 62, 66 (Tex. Crim. App. 1994), and *Smith v. State*, 930 S.W.2d 227 (Tex. App.—Beaumont 1996, pet. ref'd). See also *Zillender v. State*, 557 S.W.2d 515 (Tex. Crim. App. 1977), *Lankston v. State*, 827 S.W.2d 907 (Tex. Crim. App. 1992), and *Dixon v. State*, 928 S.W.2d 564 (Tex. Crim. App. 1996) for holdings stating that rather general objections preserved error where they informed the trial court of the basis of the complaint. Here, Petitioner's trial counsel informed the Trial Court that he objected to the paragraph 5 of the charge on the grounds that it did not inform the jury as to what acts they were required to agree occurred within the requisite period. This was functionally an objection to the Court telling the jury in that paragraph that it had to determine the occurrence or non-occurrence of acts of "sexual abuse" [previously over-broadly defined in the charge] rather than limiting their consideration to the issue of whether Petitioner incited the alleged victim to masturbate.

*The Opinion of the Court of Appeals*

Petitioner submitted a brief to the Amarillo Court of Appeals arguing that the charge had been erroneous, that his objection regarding the charge was sufficient to preserve error.

When reviewing a jury instruction in a criminal case, the Court of Appeals first examines the instruction for error. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005)

If an error occurred, the Court then decides whether the error caused harm. *Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003), *Rivera v. State*, 233 S.W.3d 403, 405 (Tex. App.—Waco 2008, pet. ref'd). Under the applicable statute, Article 36.19 of the Code of Criminal Procedure, reversal is required for preserved charge error if the error is "calculated to injure the rights of the defendant." This means only that there must be some harm to the accused from the error. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). In other words, the presence of *any* harm, regardless of degree, is enough to require reversal. *Arline v. State*, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986). "'Some harm' means any harm, regardless of degree." *Holmes v. State*, 223 S.W.3d 728, 731 (Tex. App.—Houston (14th Dist.) 2007, *aff'd* 248 S.W.3d 194.

The Court of Appeals in its holding concluded that Petitioner had failed to preserve error. The Court of Appeals addressed the issue of whether the charge was erroneous or not by "Assuming, without deciding, that the jury charge…was erroneous." The Court noted that the "appropriate degree of harm necessary for reversal depends on whether the error was preserved." (*Opinion of the Court of Appeals*, p. 4). The Court found that the error complained of was not preserved, citing the charge conference from the record, and concluding that the objection made at trial did not comport with the objection made at trial (*Opinion of the Court of Appeals*, pp. 4-6). Since it regarded the error as not having been preserved, the Court of Appeals reviewed the possible charge error under the more demanding Art. 36.19 standard of "egregious" harm as per the leading case of *Almanza v. State*, *supra*, at 171, [*Opinion of the Court of Appeals*, pp. 6-7)].

Petitioner avers that the Court of Appeals erred in regarding the objection made in the Trial

Court as insufficient to preserve error. This miscalculation caused the Court of Appeals to apply the wrong standard of review for harm, namely the supposed requirement that Petitioner must make a showing of "egregious" harm rather than the lesser standard requiring only a showing of "actual harm." Petitioner's objection that the unanimity instruction as given in paragraph 5 of the charge did not require the jury to agree "on what" acts he committed should have been sufficient to apprise the Trial Court of the over-breadth of its instructional language, the effects of which spilled over into the application paragraph by way of the application paragraph itself using the phrase "sexual abuse." In so holding, the Court of Appeals went against previous authority mandating the use of the applicable standard, as per *Young*, *Little*, *Smith*, *Zillender*, *Lankston*, and *Dixon*, *supra*. Insofar as it finding that the error complained of was not preserved led it to apply an incorrect standard of review, the Court of Appeals also violated the holding in *Arline* and *Holmes, supra.*

GROUNDS NUMBER TWO: ARGUING IN THE ALTERNATIVE, THE COURT OF APPEALS ERRED IN HOLDING THAT PETITIONER DID NOT SUFFER EGREGIOUS HARM AS A RESULT OF THE ERRONEOUS JURY CHARGE SUBMITTED.

*Incorporation by Reference*

Petitioner incorporates by reference all of the discussion of the record, the charge, applicable law, and the holding of the Court of Appeals into the discussion under his Grounds Number Two as if set out at length.

*The Assessment of Harm in the Opinion of the Court of Appeals*

After deciding that Petitioner had not preserved error in the Trial Court as to his objection to the charge, the Court of Appeals then proceeded to address the issue of whether the possible error resulted in "egregious" harm to Petitioner. In reviewing the matter, it concentrated on the application paragraph of charge, in keeping with a recent trend in Texas jurisprudence of looking

at the contents of the application paragraph in charge issues involving purported "egregious" harm. The Court cited *Yzaguirre v. State*, 394 S.W.3d 526, 530 (Tex. Crim. App. 2013), for the holding that the application paragraph is the "alpha and omega" of such an inquiry. The Court also cited *Medina v. State*, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999) and *Patrick v. State*, 906 S.W.2d 481, 493 (Tex. Crim. App. 1995 (en banc) for this proposition. The Court of Appeals concluded that Petitioner did not suffer "egregious" harm since according to its holding, the application paragraph of the charge was not erroneous. The Court therefore affirmed, citing two unpublished opinions it regarded as being on point (*Opinion of the Court of Appeals*, pp. 6-7).

*Petitioner Suffered Egregious Harm from the Charge as Submitted*

It has been held, in considering harm in the context of so-called "egregious" charge errors where error has not been preserved, that the question of whether a defendant was denied a fair and impartial trial requires the reviewing court to consider: (1) the entire jury charge; (2) the state of the evidence; (3) the arguments of counsel; and (4) any other relevant information in the record. *Ngo, supra,* at 743*, Almanza, supra,* at *171.*

Arguing in the alternative [assuming the error complained of was not preserved], Petitioner avers that he suffered egregious harm from the charge as submitted. Petitioner acknowledges that the application paragraph of the charge makes reference to inducing the alleged victim "to engage in sexual conduct to-wit: masturbation." Petitioner also acknowledges that the charge contains a 38.37 instruction, and also a 404(b) instruction. However, the unanimity instruction given by the Court [paragraph 5] made reference to "specific acts of sexual abuse," after having previously defined sexual abuse [under the two sub-paragraphs under the heading "2'] to include several egregious offenses supposedly committed by Petitioner attested to by the child victim, that were admitted in each instance without any contemporaneous limiting

20

instruction under 38.37 or 404(b). The effect of listing various forms of "Sexual conduct" [*a phrase also used in the application paragraph*] was to lead the jury to believe that Petitioner was guilty if it believed that he had committed any of those [uncharged] acts, which the victim testified to in several instances, in each instance without any contemporaneous limiting instruction at all. In effect, the instructions given under "2" linked up with the language of the unanimity instruction, which **along with the application paragraph** gave the jury the option of convicting on the basis of several theories not alleged in the charging instrument. A charge may not expand on the allegations in the indictment. *Garcia v. State*, 640 S.W.2d 939, 941 (Tex. Crim. App. 1982). For example, an application paragraph may address a new "manner and means" theory not present in the indictment. *Davis v. State*, 557 S.W.2d 303, 304 (Tex. Crim. App. 1977). In *Nunez v. State*, 215 S.W.3d 537 (Tex. App.—Waco 2007, pet. ref'd), it was held that a jury charge that authorized a conviction on a theory different from that alleged in the indictment was error. Petitioner's argument for all this amounting to egregious error is that given the earlier instructions, the unanimity instruction, and the application paragraph and the charge as a whole, the jury very probably considered the various extraneous offenses that the child XXXXXX testified to as substantive evidence of guilt.

Thus, the holding of the Court of Appeals misapplied *Yzaguirre, Medina,* and *Patrick, supra,* insofar as the application paragraph complained of in the instant case included the phrase "sexual abuse," which had previously been improperly defined by the Trial Court [in paragraphs 1 and 2 of the charge] to include criminal behavior with which Petitioner had not been charged in the indictment. In so doing the Court of Appeals also ran afoul of *Almanza* and its line of cases, holding that reviewing courts must reverse where a defendant can demonstrate that he suffered "egregious" harm from error in the charge.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Petitioner CHANCE DOUGLAS BOLEN, prays that the Court of Criminal Appeals grant his Petition for Discretionary Review, and that after submission, this Court reverse the decision of the Court of Appeals and remand the Cause.

Respectfully submitted,

David Crook
Crook & Jordan
Attorney-at-law
PO Box 94590
Lubbock, Texas 79493
(806) 744-2082
(806) 744-2083 Fax
dcrook@nts-online.net
Attorney for the Petitioner,
CHANCE DOUGLAS BOLEN

/s/David Crook
DAVID CROOK
Texas State Bar No. 05109530

## CERTIFICATE OF COMPLIANCE WITH T.R.A.P. 9.4(i)(2)(D)

This is to certify that the length of the foregoing *Petition for Discretionary Review* conforms with the Texas Rule of Appellate Procedure 9.4, in that the brief, computer-generated, is 4,342 words, which is no longer than 4,500 words, exclusive of the pages containing the identity of the parties and counsel, any statement regarding oral argument, the table of contents, the index of authorities, the statement of the case, the issues presented, the signature, and the proof of service.

/s/David Crook_____
David Crook

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the above and foregoing PETITION

FOR DISCRETIONARY REVIEW was served on the Hon. Jo'Shae Ferguson-Worley, attorney for the State of Texas, by e-mailing to Ms. Ferguson-Worley's E-Mail address of jworley@terrycounty.org to the office of the County Attorney of Terry County, Appellate Division. It was also e-mailed to Hon. Lisa McMinn, State Prosecuting Attorney, at information@spa.texas.gov on December 14, 2015.

/s/David Crook
David Crook

**APPENDIX**



# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-15-00071-CR

___

CHANCE DOUGLAS BOLEN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

___

On Appeal from the 121st District Court
Terry County, Texas
Trial Court No. 6663, Honorable Kelly G. Moore, Presiding

___

October 14, 2015

OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Chance Douglas Bolen, appeals his conviction for the offense of continuous sexual abuse of a young child,[1] and sentence of life imprisonment in the Institutional Division of the Texas Department of Criminal Justice. His sole appellate issue contends that the trial court's jury charge violated his right to a unanimous verdict where the instructions referenced extraneous offenses that were not alleged in the indictment. We will affirm the trial court's judgment.

___

[1] *See* TEX. PENAL CODE ANN. § 21.02(b) (West Supp. 2014).

Factual and Procedural Background[2]

On April 25, 2014, appellant was charged by indictment with the offense of continuous sexual abuse of a young child. The indictment alleged that appellant committed this offense by intentionally or knowingly inducing S.M. "to engage in sexual conduct to wit: masturbation."

Appellant was S.M.'s mother's boyfriend. In 2008, when S.M. was around nine or ten years old, appellant, S.M., and S.M.'s mother moved into a house together in Brownfield. While living in Brownfield, appellant began making S.M. masturbate while he watched as a condition to receive appellant's permission to do various activities. According to S.M., appellant made her masturbate on three or four occasions during this period of time. After about a year and a half in Brownfield, the group moved to East Texas. Appellant's behavior continued while in East Texas. In 2012, appellant, S.M., and S.M.'s mother moved back to Brownfield. According to S.M., in total, appellant demanded that she masturbate in front of him more than ten times while the group lived in Brownfield. In addition, S.M. testified about a number of other inappropriate sexual behaviors of appellant, including forcing S.M. to have vaginal and anal sex with him and to expose herself while he took pictures of her.

At the close of evidence, the trial court held its charge conference on guilt-innocence. Appellant objected to the jury unanimity instruction. However, appellant acknowledges in his appellate brief that this objection was "on general constitutional grounds." The trial court overruled appellant's objection. After deliberating, the jury

---

[2] As appellant's sole issue relates to the jury charge, only those facts relevant to that issue will be addressed.

found appellant guilty of the offense of continuous sexual abuse of a young child. Upon inquiry, the foreman of the jury confirmed that the verdict was unanimous. After hearing punishment evidence, the jury returned a verdict sentencing appellant to life imprisonment. The trial court entered judgment on the verdicts of the jury. It is from this judgment that appellant appeals.

Appellant's sole issue on appeal is that the trial court's jury charge violated his right to a unanimous jury where the instructions referenced extraneous offenses that were not alleged in the indictment.

Standard of Review

When presented with a jury charge complaint, we review the charge under *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g) (en banc). First, we determine whether error occurred; if error did not occur, our analysis ends. *Hailey v. State*, 413 S.W.3d 457, 495 (Tex. App.—Fort Worth 2012, pet. ref'd). If we find error, then we evaluate whether such error caused sufficient harm to compel reversal. *See Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012); *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005) (en banc). The degree of harm necessary for reversal depends on whether the error was preserved. *Villarreal v. State*, 453 S.W.3d 429, 433 (Tex. Crim. App. 2015). Error that was properly preserved by a timely objection will require reversal "as long as the error is not harmless." *Almanza*, 686 S.W.2d at 171. But, when error is not properly preserved, the error must have resulted in egregious harm to justify reversal. *Id*. Under either harm standard, the actual degree of harm must be assessed in light of the entire jury charge, the state of

the evidence, the arguments of counsel, and any other relevant information revealed by the record as a whole. *Id.* To obtain reversal for jury-charge error, appellant must have suffered actual harm and not merely theoretical harm. *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012) (op. on reh'g).

Appellant contends that the trial court erred in its charge to the jury because it contained a definition of "sexual conduct" that would allow the jury to convict appellant for sexual conduct about which testimony was admitted but that was not contained within the indictment. Assuming, without deciding, that the jury charge in this case was erroneous,[3] we conclude that it did not harm appellant to an extent that would justify reversal.

The appropriate degree of harm necessary for reversal depends on whether the error was preserved. *See Villarreal*, 453 S.W.3d at 433. The basic principle of error preservation is that the complaining party must let the trial judge know what he wants and why he thinks he is entitled to it in a manner clear enough for the judge to understand and at a time when the trial court is in a position to do something about it. *Chase v. State*, 448 S.W.3d 6, 11 (Tex. Crim. App. 2014); *Bekendam v. State*, 441 S.W.3d 295, 300 (Tex. Crim. App. 2014); *see also* TEX. R. APP. P. 33.1 (to preserve error a timely objection must be made that states the grounds "with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context"). While the courts "are not hyper-technical in examination of

---

[3] Appellant premises his contention that the trial court's jury charge was in error on the fact that the charge did not specifically limit the jury's consideration of this extraneous offense evidence. However, appellant acknowledges in his brief that he did not request a limiting instruction when the evidence was offered or during the charge conference.

4

whether error was preserved," the point of error on appeal must comport with the objection made at trial. *Bekendam*, 441 S.W.3d at 300.

> At the charge conference, appellant's objection was as follows:

> As to paragraph five[,] you're instructed that Members of the Jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant.

> Again, that goes back to the very heart of the objection I made prior to trial, that the law itself, that my client is being tried on[,] specifically 21.02 of the Texas Penal Code. While it may require that all 12 jurors believe something happened, it has to be unanimous, in my opinion, to withstand constitution[al] scrutiny because it does not require the 12 of them to agree on what or at least on specific dates, specific times and things of that nature, it basically just sets up a scenario where someone can come in and say, somebody committed a crime against me and it was this and then that's all they have to say.

> And we believe it's unconstitutional, probably an overbroad argument more than anything.

Appellant's objection to the jury charge was "that the law itself" "has to be unanimous . . . to withstand constitution[al] scrutiny" because the jury is not required to agree that the offenses occurred "on specific dates, specific times and things of that nature . . . ." This is clearly an objection that the statute, on its face, violates defendants' due process rights because juries are not required to be unanimous about which individual acts constitute the required two or more acts of sexual abuse. However, on appeal, appellant expressly disclaims advancing a constitutional challenge to the statute and, rather, contends that the jury charge did not limit the acts upon which appellant could be convicted to those identified in the indictment, namely, inducing S.M. to masturbate. While we are cautioned not to be hyper-technical in our examination of

whether error was preserved, we cannot conclude that appellant's trial objection comports with the argument he presents on appeal. *See id.* As such, appellant failed to preserve the claim of error that he advances on appeal, so we must apply the "egregious harm" standard. *See Almanza*, 686 S.W.2d at 171.

The entirety of the jury charge in this case reveals that appellant did not suffer egregious harm. The application paragraph properly directed the jury only to the acts of sexual abuse authorized by the indictment, namely, acts of inducing S.M. to masturbate, and did not authorize conviction for other acts about which the jury heard testimony, such as "anal rape, complete regular sexual intercourse, exposure of genitals and breast, etc." In determining whether the jury charge improperly expanded on the allegations in the indictment, and in making a harm analysis, the proper focus is on the language in the application paragraph. *See Yzaguirre v. State*, 394 S.W.3d 526, 530 (Tex. Crim. App. 2013). "Where the application paragraph correctly instructs the jury, an error in the abstract instruction is not egregious." *Medina v. State*, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999). Therefore, even if the instructions in the abstract portion of the charge were erroneous, we cannot conclude appellant suffered egregious harm. *See Patrick v. State*, 906 S.W.2d 481, 493 (Tex. Crim. App. 1995) (en banc).

Recently, arguments substantially the same as the one advanced by appellant have been presented to the Eastland and Dallas Courts of Appeals. *See Martinez v. State*, No. 11-13-00080-CR, 2015 Tex. App. LEXIS 2656, at *19-21 (Tex. App.—Eastland Mar. 20, 2015, pet. ref'd) (mem. op., not designated for publication); *Perez v. State*, No. 05-12-00377-CR, 2013 Tex. App. LEXIS 10771, at *18-21 (Tex. App.—Dallas Aug. 26, 2013, pet. ref'd) (not designated for publication). In *Martinez*, appellant

6

contended that the jury charge did not limit the jury to convict appellant only for the acts alleged in the indictment, and not for the extraneous offense regarding appellant touching the child's breast. Citing that the charge used substantially the same language as the statute and that the charge made no specific reference to appellant touching the child's breast, the Eastland Court concluded that, even if the charge was erroneous, it did not cause appellant egregious harm. *See Martinez*, 2015 Tex. App. LEXIS 2656, at *20-21. In *Perez*, the appellant presented the same argument that appellant presents in this case. However, the Court concluded that,

> although the abstract portion of the charge included the full statutory definitions of "sexual contact" and "aggravated sexual assault of a child," the application paragraph properly directed the jury only to the acts of sexual abuse authorized by the indictment, and did not authorize conviction for touching [the victim]'s breast or anal penetration. Therefore, even if the instructions were erroneous, we cannot conclude appellant suffered egregious harm.

*Perez*, 2013 Tex. App. LEXIS 10771, at *21 (citing *Patrick*, 906 S.W.2d at 493). We agree with our sister courts' analysis of this issue. We overrule appellant's sole issue.

## Conclusion

Having overruled appellant's sole issue, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Publish.

7